IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JESUS RUIZ
    Petitioner,

v.

Warden, FCI Pekin,
    Respondent.

Case No. 1:25-cv-1342-JEH

**Order**

    Before the Court is Petitioner Jesus Ruiz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), Motion for Leave to File Document Under Seal (Doc. 2), Motion to Expedite Petition (Doc. 4), and Motion for Leave to File Supplemental Brief (Doc. 5). Ruiz has been in prison since 1997 when a federal jury found him guilty of numerous crimes related to his participation in a deadly kidnapping scheme designed to collect drug debts. Since then, he has filed numerous postconviction petitions seeking relief; all have failed and this one fares no better. For the reasons below, the Court SUMMARILY DISMISSES Petitioner's § 2241 Petition for lack of jurisdiction.

**I**

**A**

    In 1997, a federal jury convicted Ruiz of conspiracy to commit racketeering (18 U.S.C. § 1962(d)), conspiracy to commit kidnapping (18 U.S.C. § 1201(c)), kidnapping resulting in death (18 U.S.C. § 1201(a)), assaulting a federal officer (18 U.S.C. § 111), four counts of violating the Hostage Act, including one count resulting in death (18 U.S.C. § 1203(a)), and three counts of using a firearm during

and in relation to a crime of violence (18 U.S.C. § 924(c)). *Ruiz v. United States*, 990 F.3d 1025, 1027, 1028 (7th Cir. 2021). The indictment listed a different predicate offense for each of the three § 924(c) counts—specifically, the underlying conspiracy to commit kidnapping, kidnapping, and assault on a federal officer charges. *Id.* The sentencing court sentenced him to seven concurrent life sentences, a 10-year concurrent sentence, and—for the three § 924(c) convictions—an additional 45-year consecutive sentence. Two of the seven life sentences were the result of the judge's determination that a "death results" enhancement applied, making life imprisonment the mandatory sentence for those two counts.

Ruiz's convictions and sentence were affirmed on direct appeal. *Torres v. United States*, 199 F.3d 776 (7th Cir. 1999). In 2001, he filed his first Motion to Set Aside, Vacate, or Correct Sentence pursuant to 28 U.S.C. § 2255. The district court denied the petition, *Ruiz v. United States*, 447 F. Supp. 2d 921, 928 (N.D. Ill. 2006), and the Seventh Circuit declined to issue a certificate of appealability, *Ruiz v. United States,* No. 06-4024 (7th Cir. 2007). Ruiz's motion included a claim that the "death results" enhancement which made two life sentences mandatory was imposed in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2001), but the district court found the argument procedurally defaulted. *Ruiz*, 447 F. Supp. 2d at 927. Ruiz filed a number of other postconviction motions and petitions over the ensuing decades, all of which were denied.

Notably, in January 2016, Ruiz filed an application for permission to file a second or successive § 2255, arguing that his § 924(c) convictions were invalid in light of *Johnson v. United States,* 135 S.Ct. 2551 (2015). *Ruiz v. United States,* 990 F.3d 1025, 1028 (7th Cir. 2021). While his application to file a successive § 2255 motion was approved, the district court denied the § 2255 motion without reaching the merits after concluding that any error related to the § 924(c) convictions was harmless in light of Ruiz's seven life sentences. *Id.* The Seventh Circuit affirmed

2

and agreed that given the unique circumstances of the case the error was harmless: "[a]bsent some extraordinary and unexpected change in the law with retroactive application, Ruiz's seven life sentences will remain in place." *Id.* at 1035.

## B

Ruiz has now filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) on August 14, 2025. Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99, (2013), Ruiz argues that the two life sentences the sentencing judge found were mandatory—one for kidnapping resulting in death (18 U.S.C. § 1201(a)) and one for violating the Hostage Act resulting in death (18 U.S.C. § 1203(a))—are unconstitutional because the "death results" finding was made by the sentencing judge and not the jury. (Doc 1 at 20–22). He also reiterates his argument from his 2016 successive § 2255 Motion that his three § 924(c) convictions and resulting 45-year consecutive sentences are invalid. Finally, he argues he is entitled to immediate release under the "sentencing package rule." *Id.* at 31–38.

## II

### A

In the Court's discretion, this matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. A federal district court, upon receiving a petition for writ of habeas corpus, must promptly undertake a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.

The Court finds that Ruiz's Petition must be dismissed for lack of jurisdiction. As Ruiz acknowledges, generally, federal prisoners who seek to

3

collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Section 2255(h) provides that a federal prisoner may not bring a second or successive motion challenging his sentence unless (1) there is newly discovered evidence sufficient to establish the petitioner's innocence; or (2) there is a new, retroactive rule of constitutional law that undermines the petitioner's conviction. *See Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022). Nonetheless, pursuant to § 2255(e), a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Ruiz argues that § 2255(e) must apply when a petitioner has (1) already applied for relief under § 2255; (2) his underlying claim was not previously denied by the sentencing court on the merits; (3) "none of the § 2255's subsections provide jurisdiction to the sentencing court to consider his constitutional claim due to a structural limitation, such as, the timing in filing which may make [§] 2255 incapable to provide the seeking remedy, and; (4) he is in custody in violation of the Constitution or laws or treaties of the United States." (Doc. 1 at 13). However, the Supreme Court has adopted a much narrower framework for § 2255(e), and has held that "the saving clause does not authorize such an end-run around [§ 2255(h)]." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Rather, "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id*.

After *Jones*, it is unclear what, if any, collateral attacks on a conviction or sentence will realistically pass through the § 2255(e) gateway, but Ruiz's argument that he did not get relief because the Seventh Circuit erred was certainly an

4

insufficient argument to reach this high bar even before *Jones*. *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) ("Judges sometimes err, but this does not show that the procedures are inadequate; it shows only that people are fallible. How often to rerun a search for error is a question to which § 2255 speaks directly"). Ruiz may be arguing that combining on his *Apprendi/Alleyne* claim and his "sentencing package" argument changes the analysis. He is incorrect, not least of all because any of these arguments could have been made in his successive § 2255 motion when arguing against the harmlessness analysis. Moreover, to the extent *Apprendi* or *Alleyne* entitled him to relief, *Jones* makes clear that Ruiz would have needed to include this claim in his initial § 2255 motion or meet the requirements for a successive § 2255 motion under § 2255(h). Accordingly, the Court finds that Ruiz's claims cannot proceed through the § 2255(e) gateway and the Court therefore does not have jurisdiction to consider his claims under 28 U.S.C. § 2241.

B

Alternatively, the Court would note that this case could be dismissed as an abuse of the writ. A petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The federal courts generally decline "to entertain successive petitions under § 2241 or § 2255, unless the law [has] changed or new facts . . . come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009). For the most part, these claims were already raised and addressed in Ruiz's successive § 2255 Motion. Moreover, Ruiz filed a § 2241 Petition in the District Court for the Western District of Wisconsin in January 2023. *See Ruiz v. Keyes*, No. 23-cv-00037 (W.D.Wis.). The law has not changed, nor have new facts come to life since the filing of either of these habeas corpus proceedings. Accordingly, Ruiz's Petition here also amounts to an abuse of the writ.

## III

For the reasons above, the Court SUMMARILY DISMISSES Petitioner Ruiz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) for lack of jurisdiction. The Clerk is DIRECTED to issue judgment in favor of the Respondent.

Petitioner also filed a Motion to Seal (Doc. 2), seeking to seal some of his exhibits that include a plea agreement from a codefendant. This motion is granted. Petitioner's remaining motions (Doc. 4, 5) are DISMISSED as moot. This case is CLOSED.

*It is so ordered.*

Entered on October 8, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE